**GLASS, Admrx., Appellee, v. GLASS et, Appellees, and GLASS, Appellant.**

Ohio Appeals, Fourth District, Scioto County.

No. 599. Decided December 12, 1952.

William H. Horr, Portsmouth, for appellee Alma E. Glass, Individually, and as Admx., etc.

Robert K. McCurdy, Portsmouth, for appellee Ruth Lewis.

Emory F. Smith, Ernest G. Littleton, Portsmouth, for appellant.

(HILDEBRANT, PJ, of the First. District, HUNSICKER, PJ, and DOYLE, J, of the Ninth District, sitting by designation in place of METCALF, PJ, GILLEN, J, McCURDY, J, of the Fourth District.)

## OPINION

By HUNSICKER, J.

In this appeal on questions of law from a judgment of the Probate Court of Scioto County, the appellant, Earl F. Glass, says that:

"1. The judgment and finding of the trial court is not sustained by sufficient evidence.

"2. The judgment and finding of the trial court is contrary to law.

"3. The trial court erred in the admission of the evidence offered by the appellees to which the appellant objected.

"4. The judgment of the trial court should have been that the appellant, Earl F. Glass, was entitled to share in the distribution of the estate of Earl B. Glass, deceased."

The record shows that Alma E. Glass, the widow of and administratrix of the estate of Earl B. Glass, filed her petition to determine heirship in the Probate Court, stating that Earl F. Glass, the appellant herein, was a claimant to a share of the estate of the decedent, but that his exact relationship was unknown.

Ruth Lewis, who filed an answer in the proceedings, is admitted, by all parties, to be a natural daughter of the deceased.

Earl F. Glass also filed an answer, and alleged therein that he is a son of Earl B. Glass, deceased.

The testimony presented at the trial was in conflict, but there was sufficient competent evidence to show that Earl F. Glass was brought into the home of Earl B. Glass by a former deceased wife, that she obtained the appellant from

an orphanage, and that he was reared in the Glass family as a son and was so considered by the friends and relatives, even though no formal adoption was effected. Adoption is a creature of statute and does not arise under the common law.

The trial court had before it sufficient competent evidence to sustain this view of the evidence, and hence this court cannot say that the judgment is either manifestly against the weight of the evidence or contrary to law.

When Earl F. Glass needed a birth certificate for the purpose of obtaining work, Earl B. Glass and his first wife, whose name was also Alma, executed an affidavit stating that Earl F. Glass was their son. It was upon the application of Earl F. Glass, supported by these affidavits, that a birth certificate was given to Earl F. Glass, showing him to be the son of Earl B. Glass.

Earl B. Glass also, when his first wife died, listed, in the application for letters testamentary, Earl F. Glass as an heir and next of kin of his deceased wife, Alma.

Earl F. Glass now says that the parties herein are estopped to deny the fact that he is not the natural son of Earl B. Glass.

We cannot agree with counsel as to the position they contend for in this claim. One does not become a child and heir by extra legal acts of the parties.

There were legal methods by which Earl B. Glass could have made the appellant an heir, such as adoption, and by statutory designation of heirship. Earl B. Glass could also have made the appellant a beneficiary by means of a will.

Estoppel, as claimed by Earl F. Glass, the appellant, is of no effect. Against whom should the estoppel be directed: Ruth Lewis, and Alma E. Glass as the administratrix herein?

"An estoppel is defined as a bar which precludes a person from denying the truth of a fact which has in contemplation of law become settled by the acts and proceedings of judicial officers or by the act of the party himself. If the estoppel is by the conduct of a person, it is one of the essential elements that his conduct must have induced another to believe in the existence of a particular state of facts and to act thereon to his prejudice."

**Sanborn v. Sanborn, 106 Oh St 641, at p. 647.**

Certainly Ruth Lewis and Alma E. Glass have not estopped themselves in these proceedings. These parties are claiming their rights under the statutes of descent and distribution. Earl F. Glass, the appellant, may have believed in the existence of a particular state of facts, but he did not "act thereon to his prejudice."

Estoppel generally operates only against a party to the record. **Board of Education v. State, 51 Oh St 531.** A collation of authorities on the subject of estoppel of a party to contradict sworn statements made in another action may be found in 113 A. L. R. 925. Estoppel, however, may be claimed to preclude adoptive parents and their privies from asserting the invalidity of adoption proceedings. 142 A. L. R. 122. There is no claim here of adoption ever having been attempted

The appellant, Earl F. Glass, suggests to this court that the order of the Probate Court, finding that his birth should be registered as the son of Earl B. and Alma Glass, is conclusive, and that the trial court was bound by such determination.

The statute which provides for the registration of an unrecorded birth (§1261-57 GC) requires the Probate Court. when satisfactory proof is submitted, to make a finding as to the facts and to order the registration of birth of the applicant. The order so entered by the Probate Court is not a judgment as such term is defined in §11582 GC, nor is it an action within the meaning of §11237 GC. See also: **Bird, et al., v. Young, 56 Oh St 210.**

The case of **Norwood v. McDonald, et al., Admrs., 142 Oh St 299, at p. 305,** quotes the approved definition of res judicata as follows:

"A comprehensive definition of res judicata is as follows: 'The doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.' * * *

" 'If, however. the two suits do not involve the same claim, demand, and cause of action, such. effect will not be ordinarily given to the prior judgment.' 30 American Jurisprudence, 914, Section 172. To constitute a bar there must be identity not only of subject matter but also of the cause of action. In other words, a judgment in a former action does not bar a subsequent action where the cause of action prosecuted is not the same, even though each action relates to the same subject matter."

The doctrine of res judicata does not apply to the birth registration order entered by the Probate Court of Scioto County.

There also is evidence in the record to show that Earl F. Glass knew about his birth long before an application for a birth certificate was filed, and that he knew he was not the natural child of Earl B. and Alma Glass. In such a situation,

the doctrine of estoppel can have no application. 19 Am. Jur., Estoppel, Sec. 86.

We have examined all of the errors claimed by the appellant, and find none prejudicial.

The judgment is affirmed.

HILDEBRANT, PJ, DOYLE, J, concur.